UNPUBLISHED

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-5077

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DARRYL VONZELL SULLIVAN,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. James A. Beaty, Jr., Chief District Judge. (1:06-cr-00069)

Submitted: March 26, 2007          Decided: May 1, 2007

Before MICHAEL, KING, and GREGORY, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Ames C. Chamberlin, LAW OFFICES OF AMES C. CHAMBERLIN, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Lisa Blue Boggs, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Darryl Vonzell Sullivan pled guilty, pursuant to a written plea agreement, to armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and use of a firearm in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii) (2000). Sullivan's attorney filed a brief in accordance with Anders v. California, 386 U.S. 739 (1967), certifying that there are no meritorious grounds for appeal, but questioning whether the district court abused its discretion by not imposing the minimum guideline sentence. The Government did not file a reply brief, and although advised of his right to do so, Sullivan did not file a pro se supplemental brief. Finding no reversible error, we affirm.

Sullivan contends that the district court committed reversible error by sentencing him within the guidelines range to 84 months on the bank robbery charge, and a consecutive sentence of 120 months on the firearms violation. After United States v. Booker, 543 U.S. 220 (2005), a district court is no longer bound by the range prescribed by the sentencing guidelines. However, in imposing a sentence post-Booker, courts still must calculate the applicable guideline range after making the appropriate findings of fact and consider the range in conjunction with other relevant factors under the guidelines and § 3553(a). United States v. Moreland, 437 F.3d 424, 432 (4th Cir.), cert. denied, 126 S. Ct. 2054 (2006). This court will affirm a post-Booker sentence if it

"is within the statutorily prescribed range and is reasonable." Id. at 433 (internal quotation marks and citation omitted). "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).

Here, the district court sentenced Sullivan post-Booker and appropriately treated the guidelines as advisory. The court sentenced Sullivan on the bank robbery charge after considering and examining the sentencing guidelines and the § 3553(a) factors, as instructed by Booker. Sullivan's 84-month sentence is within the advisory guideline range and it is below the statutory maximum of twenty-five years. The consecutive 120-month minimum sentence imposed for the firearms offense is mandated by statute. See 18 U.S.C. § 924(c)(1)(A)(iii). Finally, neither Sullivan nor the record suggests any information so compelling as to rebut the presumption that a sentence within the properly calculated guideline range is reasonable.

In accordance with Anders, we have reviewed the record in this case and have found no meritorious issues for appeal. We therefore affirm Sullivan's conviction and sentence. This court requires that counsel inform Sullivan, in writing, of the right to petition the Supreme Court of the United States for further review. If Sullivan requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in

this court for leave to withdraw from representation.  Counsel's motion must state that a copy thereof was served on Sullivan.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>